Frederick L. BOTSFORD and Richard H. Miers, etc., et al., Appellants,

v.

Robert A. RIDDELL, District Director of Internal Revenue, Appellee.

No. 16654.

United States Court of Appeals Ninth Circuit.

Oct. 13, 1960.

Ernest R. Mortenson, Pasadena, Cal., for appellants.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, David O.

Walter, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHall, Lillian W. Stanley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges and BOLDT, District Judge.

PER CURIAM.

The appellants are trustees of two trusts created by defendants Will and Agnes Flitcroft on January 1, 1953. The trustors filed gift tax returns reporting as gifts the property interests transferred to the trusts. The trustees commenced this action in the state superior court seeking reformation of the trust instruments by the insertion therein of the sentence: "This trust is irrevocable." It is alleged that the quoted sentence was omitted from the trust instruments by mistake. The District Director of Internal Revenue, joined as an additional defendant, caused the case to be removed to the United States District Court. That court, upon motion of the Director, dismissed the action as to the Director for lack of jurisdiction. The removal of the case from the state court is not challenged and the only contention raised by appellant on this appeal is that the dismissal was improper because the district court had jurisdiction of the action as to appellee Director.

Appellant contends jurisdiction is conferred on the district court by 28 U.S.C. § 1340 and not precluded by 26 U.S.C. §§ 7421(a), 7422, 28 U.S.C. § 2201, or any other statutory provision.

If the action is solely concerned with reformation of the trust instruments it does not arise "under any Act of Congress providing for internal revenue" and 28 U.S.C. § 1340 is inapplicable. On the other hand if the action involves internal revenue, in that it seeks to require the Director to recognize the gift tax returns as valid and to restrain refunding of the payments made on such returns, the trustees are not the real parties in interest and have no right to such relief because the returns and payments were made by the trustors and not by the trustees. If declaratory relief to such effect be sought there is no justiciable "case of actual controversy" between the plaintiff trustees and defendant director as required by 28 U.S.C. § 2201. Thus, however viewed, the trustees cannot maintain the action as against the Director and therefore as to him the case properly was dismissed by the district court.

The judgment of the district court is affirmed.